SUMMARY ORDER
Petitioner-Appellant Darryl Layton appeals from a judgment denying his petition for a writ of habeas corpus, challenging the lawfulness of his conviction for robbery. We assume the parties’ familiarity with the facts, procedural history, and issues on appeal.
On December 15, 1997, the victim of the robbery was returning to her car in a dark parking lot and was confronted by a man with what she believed to be a gun. The perpetrator took her money, jewelry, and car. When police arrived, the victim stated that she believed the perpetrator might have come from a van that was still at the location. Police searched the van and found nearly thirty photographs, which they presented to the victim. The victim identified the perpetrator from one of the photos, and police located the perpetrator based on the registration of the van. The eyewitness then identified the perpetrator, the Petitioner-Appellant in this matter, in police line-ups. Based in part of this initial identification, Petitioner-Appellant was then convicted by a jury of robbery. In his appeal to this Court, Petitioner-Appellant principally raises two claims of constitutional error in his criminal trial: First, he argues that the eyewitness identification should have been excluded because, inter alia, showing the victim the photographs from the van was unduly suggestive and thei'efore violated his due px’ocess rights. Second, he ax-gues that the prosecution should have disclosed to his lawyer the fact that the victim had filed a civil lawsuit against him by the time of the criminal trial. We affirm for substantially the reasons stated by the district court.
In rejecting Layton’s assertion that admitting the eyewitness identification violated his due process rights, the state trial court recognized that “[t]he use of a single *689 photograph to make an identification should be avoided.” But as the state trial court also recognized, “clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), does not prohibit the use of photographs for initial identification purposes. Quite the contrary, the Supreme Court has made clear
that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.
Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (emphasis added). Although the detective advised the victim that the photos came from the van she had identified, neither the detective nor the victim had any reason to conclude from this fact alone that the perpetrator’s likeness must be among the photographs that were found; thus, the procedure followed in this case was less suggestive than in cases in which the police ask a suspect to look at a photograph of one particular individual whom they suspect. Moreover, as the state court noted, the police have an interest in having the witness make a prompt identification, before the victim’s memory fades. Cf. United States v. Wade, 388 U.S. 218, 255, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (“[P]rompt and early identification enhances accurate identification.... ”). Since the photos police located depicted various individuals in everyday settings and were not arrest photographs, the police could not have arranged a less suggestive procedure without incurring undesirable delay. On this record, we cannot conclude that the state court’s decision “was contrary to, or involved an unreasonable application of, clearly established Federal law.” 28 U.S.C. § 2254(d)(1).
We also find that the prosecutor’s failure to disclose the civil lawsuit against Layton did not violate Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). “Evidence is not considered to have been suppressed within the meaning of the Brady doctrine if the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that evidence.” United States v. Gonzalez, 110 F.3d 936, 944 (2d Cir.1997) (internal quotation marks omitted) (alterations omitted) (quoting United States v. Payne, 63 F.3d 1200, 1208 (2d Cir.1995)); see also United States v. Paulino, 445 F.3d 211, 225 (2d Cir.2006) (same). “Documents that are part of public records are not deemed suppressed if defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation.” Payne, 63 F.3d at 1208. The prosecutor did not violate Brady by failing to disclose the existence of the civil lawsuit.
We have considered all of Plaintiffs-Appellants’ remaining contentions in this appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.